## ARNOLD et al.
### v.
## KIRKWOOD SCHOOL DIST. R-7 et al.
### No. 14807.

United States Court of Appeals
Eighth Circuit.
June 15, 1954.

larly referred to as the Segregation Cases—347 U.S. 483, 74 S.Ct. 686, have now rendered moot legally any consideration of whether separate schools, which have been provided, constitute equal facilities in fact, as the measure of equal protection under the Fourteenth Amendment.

For this reason, the judgment in this case is vacated, and the cause is remanded for such further consideration or other proceedings as may be appropriate or necessary, if any, in the situation existing, as related to the decision in the Segregation Cases. Cf. State of Florida ex rel. Hawkins v. Board of Control of Florida, and the other cases similarly disposed of by the Supreme Court, 347 U.S. 971, 74 S.Ct. 783. Each party will pay its own costs in this Court.

Judgment vacated and cause remanded.

Robert L. Witherspoon, St. Louis, Mo. (Witherspoon, Lewis & Draper, St. Louis, Mo., on the brief), for appellants.

Oliver J. Miller, St. Louis, Mo. (Lashly, Lashly & Miller, St. Louis, Mo., on the brief), for appellees.

Louis Gilden, Victor Harris and Benjamin Roth, St. Louis, Mo., filed brief for St. Louis Civil Liberties Committee, amici curiae.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

PER CURIAM.

This case involves questions of alleged racial discrimination in relation to public school facilities in a school district of Missouri. We have withheld decision in it until disposition by the Supreme Court of the several cases pending before it on the validity of segregation generally in public school systems. Brown v. Board of Education of Topeka and the companion cases thereof—popu-